**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**LEE FORSTER and ANGELA FORSTER,**

    Plaintiffs,

v.                                                          Case No: 5:13-cv-250-Oc-22PRL

**PRECISION LANDSCAPE MANAGEMENT, INCORPORATED and DAVID M. TUCCIO**

    Defendants.

**ORDER**

This case brought pursuant to the Fair Labor Standards Act comes before the Court for consideration of the Plaintiffs' Unopposed Motion for Reconsideration. (Doc. 17). Plaintiffs request that the Court reconsider its Order entered October 21, 2013 (Doc. 16), wherein the Court directed the parties to file documents pertaining to the settlement agreement so that the Court could determine whether the settlement was fair and reasonable.

Plaintiffs contend that the parties' Stipulation of Dismissal With Prejudice (Doc. 14) is self-executing and divested the Court of jurisdiction over this matter, citing recent dismissals in FLSA cases in this District. *See Mallacacio v. Central Florida Freezer, Inc.*, Case No.: 5:13-cv-56-ACC-PRL, Doc. 35 (Fla. M.D. October 23, 2013)(relieving the parties of submissions for approval where the Court determined that the parties' voluntary dismissal is "self-executing"); *see also Walker v. Kamiles Services, LLC*, Case No.:6:13-cv-01318-ACC-GJK, Doc. 16 (Fla. M.D. October 23,

- 2 -

2013)(dismissing and closing FLSA case dismissed pursuant to Fed. R. Civ. Pro. 41). In both the *Mallacacio* and *Walker* cases, however, the Stipulation of Dismissal filed by the parties was narrowly tailored to the letter of Federal Rule of Civil Procedure 41(a)(1)(A)(ii), and did not contain any discussion or description regarding settlement of the FLSA claims.

Here, however, the parties' Stipulation of Dismissal With Prejudice (Doc. 14) is more than a straightforward stipulation in accordance with Rule 41. Instead, it contains six enumerated paragraphs describing details regarding the parties' settlement of the FLSA claims, which the parties simply assert is "fair and reasonable." (Doc. 14).

Generally, entry of a Rule 41(a)(1)(A)(ii) stipulation is self-executing and divests the district court of jurisdiction. *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272 (11th Cir.2012). However, despite the Eleventh Circuit Court of Appeal's discussion of stipulated dismissals in *Anago Franchising* (which was not an FLSA action), the express terms of Rule 41(a)(1)(A) recognize that its self-executing nature is subject to "any applicable federal statute." Fed.R.Civ.P. 41(a)(1)(A).

While a straight stipulation of dismissal filed under Rule 41(a)(1)(A)(ii) is arguably self-executing, thereby divesting the Court of jurisdiction, *see Mallacacio* and *Walker*, where the parties in an FLSA action instead file a document declaring that a settlement has been reached and proclaiming fairness, the self-executing nature of such a document is doubtful in light of *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir.1982) and the limitation in Rule 41(a)(1)(A). *See, e.g., PerezNunez v. N. Broward Hosp. Dist.*, 609 F.Supp.2d 1319, 1320–21 (S.D.Fla.2009).

- 3 -

Accordingly, Plaintiffs' Motion for Reconsideration (Doc. 17) is DENIED.

**DONE** and **ORDERED** in Ocala, Florida on November 7, 2013.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties